IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| RAMON MALLARD | : | Criminal Action No. |
| | : | 7:06-CR-23-HL |
| Defendant. | : | |
| | : | |

# ORDER

Before the Court are Defendant's Motion to Reduce Sentence (Doc. 56), Motion for Sentence Adjustment Under 18 U.S.C. § 3582 (Doc. 57), and Motion for Appointment of Counsel (Doc. 58). For the following reasons, Defendant's Motions are denied.

## I. FACTS

On March 7, 2007, Defendant pled guilty to possession of cocaine with intent to distribute, and on June 28, 2007, Defendant was sentenced to serve 75 months imprisonment. Subsequently, Defendant filed a Motion to Reduce Sentence on November 23, 2007. On January 17, 2008, Defendant filed a Motion for Sentence Adjustment Under 18 U.S.C. § 3582. Defendant contends in his Motions that he is entitled to have his sentenced reduced by six months because of the collateral consequences associated with his status as a deportable alien.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582, a court can only modify a defendant's term of

1

imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c).

In this case, none of these situations exist. First, the Director of the Bureau of Prisons has not filed a motion in this Court on Defendant's behalf. Second, Rule 35 only applies when the Government files a motion to reduce sentence for substantial assistance or when the court corrects a clear error in a sentence within seven days after the sentence was entered. See FED. R. CRIM. P. 35. Neither of these two situations is present in this case. Last, Defendant does not contend that he is entitled to a reduction in sentence based on an amendment to the Sentencing Guidelines. Accordingly, Defendant is not entitled to relief under 18 U.S.C. § 3582. Defendant's only possible avenue for relief is 28 U.S.C. § 2255, but Defendant has not filed a § 2255 motion.

## III. CONCLUSION

For these reasons, Defendant's Motions for Sentence Adjustment are denied. As a result, Defendant's Motion for Appointment of Counsel is denied as moot.

**SO ORDERED**, this the 14th day of February, 2008.

*/s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc